NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued December 4, 2013
Decided December 5, 2013

## Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| Nos. 13-1149, 13-1431 & 13-1819 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | |
| ANDREI STANCIU, VASILE GEORGE HUSTI, and OVIDIU ISAC, *Defendants-Appellants.* | No. 10 CR 261 Charles R. Norgle, *Judge.* |

## Order

All three appellants pleaded guilty to charges arising from their roles in submitting fraudulent claims for income-tax refunds. The district court sentenced Stanciu to 18 months, Husti to a year and a day, and Isac to 85 months' imprisonment.

Defendants are aliens and likely to be removed from the United States when their sentences end. They contend that the district judge failed to discuss their submissions that their impending departure from the United States justifies lower sentences. This argument fails for two reasons. First, the district judge did discuss defendants' alienage

and stated that he thought it irrelevant—that aliens should not receive either lower or higher sentences than citizens who commit the same crime. Second, we held in *United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1047–49 (7th Cir. 2013), that an alien's request for a lower sentence on account of the potential for removal is such a stock argument that district judges need not discuss it at all. None of the appellants has given us any reason to reconsider *Ramirez-Fuentes*.

Isac received the longest sentence in part because the district judge deemed him an organizer. He contends that the record does not support that finding. This contention has been waived. Isac stipulated in the plea agreement to the application of this enhancement.

Finally, Husti contends that his lawyer rendered ineffective assistance by stating during sentencing that the district judge lacked the authority to adjust the sentence in order to affect immigration consequences. Husti received a sentence of 366 days; if the sentence had been under a year, it would not have required his automatic removal.

It is usually not prudent to raise an ineffective-assistance argument on direct appeal, because that step precludes a collateral attack on a more complete record. See *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). At oral argument Husti's lawyer assured us that his client is aware of the risks and still desires to make the argument now.

The argument is doomed by inability to show prejudice—which makes it unnecessary to evaluate the totality of counsel's performance in order to put the error in context. The record shows that: (a) counsel recognized his mistake and corrected it; (b) an Assistant United States Attorney informed the judge that he had the power to adjust the sentence in a way that could influence immigration consequences; (c) the judge stated that he knew that he had this power; (d) the judge said that he was unwilling to take defendants' immigration status into account, one way or the other, when shaping the sentence; and (e) Husti's sentence of 366 days is six months below the lower bound of the applicable Guideline range, implying that counsel achieved an excellent result for his client. These facts demonstrate the lack of prejudice.

AFFIRMED